IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMANDA BUCKLEW, : | |
| : | |
| Plaintiff, : | Civil Action No.: |
| : | |
| v. : | TRIAL BY JURY OF |
| : | TWELVE DEMANDED |
| BANKERS LIFE AND CASUALTY COMPANY, : | |
| a foreign corporation, : | |
| : | |
| Defendant. : | |

## COMPLAINT

1. This action is brought pursuant to the Family Medical Leave Act (FMLA), 29 U.S.C. §2601 et seq.; The Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12101, et seq.; and Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. §1981a. Jurisdiction exists by virtue of 29 U.S.C. §2617; 42 U.S.C. §12117(a); 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §1367. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff's address is P.O. Box 607, Bethany Beach, Sussex County, Delaware 19930.

3. Defendant, Bankers Life and Casualty Company, is a foreign corporation doing business at 742 South Governors Avenue, Dover, Kent County, Delaware 19901.

4. Defendant has authorized the Delaware Insurance Commissioner to receive process at: Matthew Denn, Delaware Insurance Commissioner, 841 Silver Lake Boulevard, Dover, Delaware 19904.

5. The discriminatory conduct occurred in connection with plaintiff's employment at Defendant's place of business located at 742 South Governors Avenue, Dover, Kent County, Delaware 19901.

6. At all times relevant to this complaint Defendant employed 50 or more employees within 75 miles of the Plaintiff's worksite at 742 South Governors Avenue, Dover, Kent County, Delaware 19901.

7. Plaintiff was employed by Defendant for one year or longer prior to being involuntarily discharged in February, 2004.

8. Plaintiff was an eligible employee and Defendant was an employer for purposes of the FMLA.

9. Plaintiff's position with Defendant was branch office administrator.

10. During the course of her employment with Defendant, Plaintiff was subjected to sexual harassment at the workplace in the form of repeated unwelcome sexually charged statements directed at her.

11. During the course of her employment with Defendant, Plaintiff was also subjected to offensive racist comments.

12. Plaintiff complained about such sexual harassment and racial comments to her supervisor, Mr. Vann LaFermine, who was also the management head of Defendant's Dover office.

13. After Mr. LaFermine indicated to the Plaintiff he was not going to address the problems of sexual harassment and racist comments, the Plaintiff told him that he was required by law to address them. Mr. LaFermine responded with words to the effect, "don't you ever threaten me."

14. After Defendant was notified by Plaintiff of the problems related to sexual harassment and racist comments, Defendant took no steps to address those problems, and they continued during Plaintiff's employment.

15. On at least one occasion, Mr. LaFermine was present when an offensive racist comment was made, and he did nothing to reprimand the employee who uttered it, or otherwise correct the problem.

16. While employed by Defendant, Plaintiff began to suffer from severe depression and related mental problems, which were either caused or exacerbated by Defendant's failure to address the aforementioned problems.

17. While employed by Defendant, Plaintiff suffered severe depression, prolonged episodes of crying, panic attacks, post-traumatic stress syndrome, insomnia, and other related difficulties.

18. Such difficulties substantially limited one or more of Plaintiff's major life activities for purposes of the ADA, and constituted a serious health condition for purposes of the FMLA.

19. Plaintiff informed Mr. LaFermine at least one month before Plaintiff was discharged that she was suffering such problems and receiving medical treatment for them.

20. In February, 2004, Plaintiff informed Mr. LaFermine that because of her depression her doctor had informed her she needed two weeks rest and should not work. At that time she provided a written statement from her doctor which reflected the need for two weeks rest.

21. The doctor's written statement indicated medial leave would be necessary.

22. Mr. LaFermine responded to the Plaintiff's request and the doctor's written statement, with a statement to the Plaintiff indicating he did not think depression was an illness. Soon thereafter Mr. LaFermine fired the Plaintiff.

23. Although Plaintiff had knowledge that Defendant had a disability or very likely had a disability, it failed to initiate a dialogue to determine the nature and extent of the disability or reasonable ways to accommodate it.

24. Defendant fired Plaintiff, in part or perhaps solely, because she had a disability or because it regarded her as having a disability, which Defendant could have reasonably accommodated.

25. Plaintiff was qualified to perform her essential job functions.

26. Defendant fired Plaintiff, in part, or perhaps solely, because she requested an accommodation for her disability, namely a short leave of absence.

27. Defendant fired Plaintiff, in part, or perhaps solely, because she requested leave to which she was entitled under the FMLA.

28. Defendant violated the FMLA by, among other things, failing to grant the request for medical leave.

29. Defendant fired Plaintiff, in part, or perhaps solely, because she complained about sexual harassment and racist remarks, or because Plaintiff pointed out to Defendant that failure to stop such problems was unlawful.

30. Plaintiff filed a charge of discrimination with the Delaware Department of Labor (Charge No. 04050439) and the EEOC (Charge No.17CA400432) on or about May 3, 2004. A copy of the charge is attached as Exhibit A.

31.   The EEOC issued a right-to-sue letter on February 4, 2005. A copy of the letter is attached as Exhibit B.

32.   Defendant's discrimination against Plaintiff as set forth above, was intentional, willful, and undertaken with reckless indifference to the Plaintiff's rights.

33.   As a result of the aforesaid discrimination, Plaintiff has suffered emotional distress, inconvenience, economic loss, and other compensatory damages.

34.   If relief is not granted, Plaintiff will be irreparably denied rights secured by the aforementioned laws.

35.   Plaintiff has no adequate remedy at law to redress the wrongs described above.

36.   When Defendant discharged Plaintiff it provided a false reason for such discharge.

37.   Defendant breached the implied covenant of good faith and fair dealing.

38.   Defendant intended to inflict or recklessly inflicted emotional distress upon Plaintiff.

39.   Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe and substantial emotional distress.

40.   Plaintiff's emotional distress resulted in damages for which Defendant is liable.

WHEREFORE, Plaintiff requests this court to:

1.   Grant a permanent injunction enjoining Defendant, its officers, agents, employees, and successors, as well as all persons acting in concert with them, from engaging in unlawful practices which discriminate on the basis of disability, sex, race, and retaliation;

2. Enter judgment in Plaintiff's favor and awarded compensatory and punitive damages, back pay and front pay, benefits, past and future pecuniary losses, pre-judgment and post-judgment interest, attorneys fees, costs, and such other relief as may be just and appropriate.

PARKOWSKI, GUERKE & SWAYZE, P.A.

By: _____
JEREMY W. HOMER, ESQUIRE
Delaware State Bar I.D. No.: 413
116 W. Water Street
P.O. Box 598
Dover, DE 19903
(302) 678-3262
Attorneys for Plaintiff

DATED: 4-19-05
h\Bucklew\Complaint

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**ENTER CHARGE NUMBER**
☐ FEPA
☐ EEOC

**Delaware Department of Labor** and EEOC
(State, or local Agency, if any)

| | |
|---|---|
| **NAME** (Indicate Mr., Mrs., Ms) Ms. Amanda Bucklew | **HOME TELEPHONE NO.** (Include Area Code) (302) 284-0551 |
| **STREET ADDRESS** 364 Sunny Meadow Drive | **CITY, STATE AND ZIP CODE** Magnolia, DE 19962    **COUNTY** Kent |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below.)*

| | | |
|---|---|---|
| **NAME** Bankers Life & Casualty | **NO. OF EMPLOYEES OR MEMBERS** 25+ | **TELEPHONE NUMBER** (Incl. Area Code) (302) 736-2600 |
| **STREET ADDRESS** 742 S. Governors Ave. | **CITY, STATE AND ZIP CODE** Dover, DE 19901 | |
| **NAME** | | **TELEPHONE NUMBER** (Include Area Code) |
| **STREET ADDRESS** | **CITY, STATE AND ZIP CODE** | |

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ AGE
☒ RETALIATION  ☒ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST 3/2003
LATEST 02/3/2004
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I. I am qualified individual with a disability who is able to perform the essential functions of my job with or without a reasonable accommodation. My race is white and my gender is female. I began my employment with Respondent on February 1, 2003 and was terminated from my position as a Branch Office Administrator on February 3, 2004.

II. I was informed by Respondent's Branch Office Manager, Mr. Vann LaFermine (white, male) that I was terminated because "it just was not working out." I had made complaints one month prior to Mr. Vann LaFermine about being sexually harassed by Respondent's Sales Agent, Mr. Chet McClin (black, male) and about being subjected to a racially hostile work environment by Respondent's Branch Office Administrator, Ms. Deborah Parker (white, female).

III. I believe that Respondent violated Title VII of the Civil Rights Act of 1964, as amended, the state of Delaware's Discrimination in Employment Act, as amended, the Americans with Disabilities Act, as amended, and the Handicapped Persons Employment Protection Act, as amended. Respondent's Sales Agent, Mr. Chet McClin (black, male) referred to me as sexy and made unwelcome remarks about certain parts of my body. I reported his actions to Branch Office Manager, Mr. LaFermine (white, male) he commented that "Chet's just a flirt and to let it go." No further action was taken. Respondent's Branch Office Administrator Ms. Deborah Parker, (white, female) often referred to black individuals as "N-------." She made statements such as "the only good N is a dead N" referring to black people. As a result of the hostile work environment I required a short medical leave of absence which resulted in my termination. I believe Respondent's action against me was retaliatory and a pretext to mask discrimination and based on the aforementioned reasons.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

**SIGNATURE OF COMPLAINANT**

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.
5/3/04  *A Bucklew*
Date    Charging Party (Signature)

**NOTARY** - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date    (Day, month, and year)

EEOC FORM 5
REV 6/92    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# EXHIBIT B

EEOC Form 161-B (10/96)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Amanda Bucklew
364 Sunny Meadow Drive
Magnolia, DE 19962

From: U. S. Equal Employment Opportunity Commission
Philadelphia District Office
21 South 5th Street - Suite 400
Philadelphia, PA 19106-2515

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2004-00432 (formerly 17CA400432) | Legal Unit | 215-440-2828 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Marie M. Tomasso, District Director         February 4, 2005 (Date Mailed)

Enclosure(s)

cc:   Bankers Life & Casualty
Jeremy W. Homer, Esquire (for Charging Party)