IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMANDA BUCKLEW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05-230 |
| ) | |
| BANKERS LIFE AND CASUALTY ) | |
| COMPANY, a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF THE DEFENDANT, BANKERS LIFE AND CASUALTY COMPANY**

Defendant, Bankers Life and Casualty Company ("Bankers"), by counsel, for its Answer to the Complaint, alleges and states:

1. Bankers lacks knowledge or information sufficient to admit or deny paragraph 1 of Plaintiff=s Complaint, except to admit that the allegations of the Complaint appear to confer federal jurisdiction over this dispute.

2. Bankers lacks knowledge or information sufficient to admit or deny paragraph 2 of Plaintiff's Complaint.

3. Bankers admits paragraph 3 of the Complaint.

4. Bankers admits paragraph 4 of the Complaint.

5. Bankers denies paragraph 5 of the Complaint.

6. Bankers denies paragraph 6 of the Complaint.

7. Bankers denies paragraph 7 of the Complaint.

8. Bankers denies paragraph 8 of the Complaint.

9. Bankers admits paragraph 9 of the Complaint.

10. Bankers denies paragraph 10 of the Complaint.

11. Bankers denies paragraph 11 of the Complaint.

12. Bankers denies paragraph 12 of the Complaint.

13. Bankers denies paragraph 13 of the Complaint.

14. Bankers denies paragraph 14 of the Complaint.

15. Bankers denies paragraph 15 of the Complaint.

16. Bankers denies paragraph 16 of the Complaint.

17. Bankers lacks knowledge or information sufficient to admit or deny paragraph 17 of Plaintiff=s Complaint.

18. Bankers denies paragraph 18 of the Complaint.

19. Bankers denies paragraph 19 of the Complaint.

20. Bankers denies paragraph 20 of the Complaint.

21. Bankers denies paragraph 21 of the Complaint.

22. Bankers denies paragraph 22 of the Complaint.

23. Bankers denies paragraph 23 of the Complaint.

24. Bankers denies paragraph 24 of the Complaint.

25. Bankers denies paragraph 25 of the Complaint.

26. Bankers denies paragraph 26 of the Complaint.

27. Bankers denies paragraph 27 of the Complaint.

28. Bankers denies paragraph 28 of the Complaint.

29. Bankers denies paragraph 29 of the Complaint.

30. Bankers admits paragraph 30 of the Complaint.

31. Bankers admits paragraph 31 of the Complaint.

32. Bankers denies paragraph 32 of the Complaint.

33. Bankers denies paragraph 33 of the Complaint.

34. Bankers denies paragraph 34 of the Complaint.

35. Bankers denies any wrongful conduct. To the extent that this averment requests a legal conclusion as to damages, Bankers provides no response as it is under no obligation to do so.

36. Bankers denies paragraph 36 of the Complaint.

37. Bankers denies paragraph 37 of the Complaint.

38. Bankers denies paragraph 38 of the Complaint.

39. Bankers denies paragraph 39 of the Complaint.

40. Bankers denies paragraph 40 of the Complaint.

WHEREFORE, Bankers prays that Plaintiff take nothing by her Complaint and for all other relief right and proper in the premises, and that the case be dismissed.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff voluntarily resigned her employment with Bankers.

## SECOND AFFIRMATIVE DEFENSE

An award of punitive damages in this matter would violate the Due Process, Equal Protection and/or Excessive Fines provisions of the U.S. and/or Delaware Constitutions.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Bankers: (a) exercised reasonable care to prevent and correct promptly any alleged sexually harassing or discriminatory behavior; and, (b) Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by the employer or to avoid harm.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to provide Bankers timely and/or sufficient notice of her alleged need for FMLA leave.

### SIXTH AFFIRMATIVE DEFENSE

Even if Bankers violated the FMLA, which is expressly denied, it did so in good faith and with a reasonable belief that its acts and/or omissions did not violate the FMLA.

### SEVENTH AFFIRMATIVE DEFENSE

Bankers is exempt from the FMLA pursuant to 29 U.S.C. § 2611(2) because Bankers does not employ fifty (50) or more employees within a seventy-five (75) mile radius of Plaintiff's former worksite.

### EIGHTH AFFIRMATIVE DEFENSE

Bankers terminated Plaintiff's employment based on her inability to perform the essential functions of her job and based on her failure to fulfill criteria imposed on the basis of business necessity.

### RESERVATION OF RIGHTS

Bankers reserves the right to assert any and all additional affirmative defenses that may

be determined during the course of discovery.

                        Respectfully submitted,

                        MARGOLIS EDELSTEIN

                        Timothy J. Wilson, Esq. (DE Bar I.D. #4323)
                        1509 Gilpin Avenue
                        Wilmington, DE 19806
                        302-777-4680 / Fax 302-777-4682
                        E-mail: twilson@margolisedelstein.com

                        HUFFER & WEATHERS, P.C.

                        Steven K. Huffer, Esq.
                        HUFFER & WEATHERS, P.C.
                        151 North Delaware Street
                        1850 Market Square Center
                        Indianapolis, IN 46204
                        317-822-8010 / Fax 317-822-8088
                        E-mail: steve_huffer@hufferandweathers.com

                        Attorneys for Defendant, Bankers Life and Casualty Company

06/02/05